IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JESSIE W. PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-CV-418-T |
| | ) |
| DAVID MCNAIR, et al., | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF DAVID MCMICHAEL**

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF TALLAPOOSA | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared David McMichael, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is David McMichael. I am over the age of nineteen and competent to make this affidavit.

2. I served as the Jail Administrator of the Tallapoosa County Detention Facility for the past three years, having served as Chief Deputy of the Tallapoosa County Sheriff's Department for five years prior to that time. I am now with Spillman Technology, working as a customer education instructor on law enforcement software. I am a graduate of the police academy, having graduated in 1990, after serving eight years in the army, being discharged as a Sergeant. I have also served in the National Guard.

3. I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility; however, I am not personally familiar with the allegations made the basis of the Plaintiff's Complaint, as he never made any such complaints known to me.

4. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. It is the policy of the Tallapoosa County Jail that access to appropriate health care services are provided for the inmates of the Jail for their physical and emotional well-being. An inmate requesting any type of health care services may submit either an Inmate Request Form or Medical Request/Charge Sheet stating the service desired. At the time of admission to the jail, each inmate undergoes a medical screening completed by the booking officer. In the event of a medical emergency, or a perceived medical emergency, the Shift Supervisor will arrange for medical services without delay. The Shift Supervisor ensures that the medical protocol is followed to ensure a safe and secure manner is maintained. Except in the case of an emergency, each inmate requesting medical services is screened by the jail nurse who then makes a referral to a physician if it is determined that a physician visit is appropriate. All medical appointments, including appointments with the jail nurse are logged by the jail staff in the inmate log. Inmates are given prescription medication as prescribed. Medication is distributed according to instructions from the prescribing physician and is distributed by a jail staff member as directed by the jail nurse. Staff members of the Tallapoosa County Jail take no deliberate action to block, deny, or delay access of an inmate to health care.

6. It is the policy of the Tallapoosa County Jail that any inmate with a communicable disease will be handled and treated in a proper manner. Any inmate diagnosed as having a communicable disease is handled according to instructions from a health care professional.

Any inmate diagnosed as having any communicable disease is housed in a single cell and distanced from contact with other inmates during the period of time he may be able to communicate the disease to another person.

7. The Tallapoosa County Jail policies regarding inmate workers (work detail) and work release are set forth in the Inmate Handbook. Inmate workers are selected by the Jail Administrator upon recommendation of the shift supervisor. The selection is based on the inmate's criminal charge, behavior while in jail and ability to adequately perform the designated task. Selection is done strictly by recommendation of the staff. Work release is a separate program from the inmate worker/work detail program. Inmates who wish to participate in work release must first be ordered by the presiding judge in that inmate's case. Once this order is issued, it is the inmate's responsibility to locate an employer to hire him.

8. Internal grievance procedures at the Tallapoosa County Jail are available to all inmates and such policy is made known to the inmates upon their admission to the detention center via the Inmate Rules and Regulations Handbook. It is the policy of the Tallapoosa County Jail that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly. Inmates are given an inmate grievance form upon their request to complete and return to a jail staff member for any grievance they may have.

9. Despite the fact that he is familiar with the request and grievance procedures of the jail, as evidenced by his several requests forms submitted, neither I nor current Jail Administrator Jennings have any recollection of a grievance being filed regarding the allegations in Plaintiff's complaint.

10. Attached to the Special Report are true and accurate documents contained in the Plaintiff's jail file. During the time that I served as Jail Administrator, I was custodian of such documents, which were kept by me in the ordinary course of my business.

11. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

                                                                    _____
                                                                    DAVID MCMICHAEL,

SWORN TO and SUBSCRIBED before me this 23rd day of June, 2005.

                                                                    _____
                                                                    NOTARY PUBLIC
                                                                    My Commission Expires: My Commission Expires 4/8/07

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JESSIE W. PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-CV-418-T |
| | ) |
| DAVID MCNAIR, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF BLAKE JENNINGS

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF TALLAPOOSA | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Blake Jennings, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Blake Jennings. I am over the age of nineteen and competent to make this affidavit.

2. I have been employed by the Tallapoosa County Sheriff's Department since 1998. On March 19, 2004, I became the Jail Administrator of the Tallapoosa County Jail.

3. I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility; however, I am not personally familiar with the allegations made the basis of the Plaintiff's Complaint, as he never made any such complaints known to me.

4. It is the policy of the Tallapoosa County Jail that access to appropriate health care services are provided for the inmates of the Jail for their physical and emotional well-

being. An inmate requesting any type of health care services may submit either an Inmate Request Form or Medical Request/Charge Sheet stating the service desired. At the time of admission to the jail, each inmate undergoes a medical screening completed by the booking officer. In the event of a medical emergency, or a perceived medical emergency, the Shift Supervisor will arrange for medical services without delay. The Shift Supervisor ensures that the medical protocol is followed to ensure a safe and secure manner is maintained. Except in the case of an emergency, each inmate requesting medical services is screened by the jail nurse who then makes a referral to a physician if it is determined that a physician visit is appropriate. All medical appointments, including appointments with the jail nurse are logged by the jail staff in the inmate log. Inmates are given prescription medication as prescribed. Medication is distributed according to instructions form the prescribing physician and is distributed by a jail staff member as directed by the jail nurse. Staff members of the Tallapoosa County Jail take no deliberate action to block, deny, or delay access of an inmate to health care.

5. It is the policy of the Tallapoosa County Jail that any inmate with a communicable disease will be handled and treated in a proper manner. Any inmate diagnosed as having a communicable disease is handled according to instructions from a health care professional. Any inmate diagnosed as having any communicable disease is housed in a single cell and distanced from contact with other inmates during the period of time he may be able to communicate the disease to another person.

6. The Tallapoosa County Jail policies regarding inmate workers (work detail) and work release are set forth in the Inmate Handbook. Inmate workers are selected by the Jail Administrator upon recommendation of the shift supervisor. The selection is based on the

inmate's criminal charge, behavior while in jail and ability to adequately perform the designated task. Selection is done strictly by recommendation of the staff. Work release is a separate program from the inmate worker/work detail program. Inmates who wish to participate in work release must first be ordered by the presiding judge in that inmate's case. Once this order is issued, it is the inmate's responsibility to locate an employer to hire him.

7. Internal grievance procedures at the Tallapoosa County Jail are available to all inmates and such policy is made known to the inmates upon their admission to the detention center via the Inmate Rules and Regulations Handbook. It is the policy of the Tallapoosa County Jail that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly. Inmates are given an inmate grievance form upon their request to complete and return to a jail staff member for any grievance they may have.

8. Despite the fact that Plaintiff is familiar with the request and grievance procedures of the jail, as evidenced by his several requests forms submitted, neither former Jail Administrator David McMichael nor current Jail Administrator Jennings have any recollection of a grievance being filed regarding the allegations in Plaintiff's complaint.

9. Attached to the Special Report are true and accurate documents contained in the Plaintiff's jail file. I am currently the custodian of such documents, which were kept by me in the ordinary course of my business.

10. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
BLAKE JENNINGS

SWORN TO and SUBSCRIBED before me this 23 day of June, 2005.

_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES APRIL 5, 2009